

FILED

JUL 13 2009

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SIOUX FALLS DIVISION

SOUTH DAKOTA BOARD OF REGENTS
as governing board for SOUTH DAKOTA
AGRICULTURAL EXPERIMENT
STATION and SOUTH DAKOTA STATE
UNIVERSITY,

      Plaintiff,

vs.

BRAD BECHEN and
JOHN DOES 1-50,

      Defendants.

CASE NO. _CIV 09-4096_

---

## COMPLAINT

---

Plaintiff South Dakota Board of Regents ("Board of Regents") as governing board

for the South Dakota Agricultural Experiment Station ("SDAES") and South Dakota

State University ("SDSU") brings this action for damages and injunctive relief against

defendant Brad Bechen ("Defendant Bechen") and Defendant John Does 1-50 for

unauthorized use of Plaintiff's proprietary wheat varieties in violation of Plaintiff's rights

under the Plant Variety Protection Act, 7 U.S.C. § 2481 et seq. (hereinafter "PVPA").

      Plaintiff alleges:

### JURISDICTION AND VENUE

      1.      This Court has subject matter jurisdiction over this matter pursuant

to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States, and 28

U.S.C. § 1338, which provides that district courts have original jurisdiction over any civil action arising under any Act of Congress relating to plant variety protection.

       2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in South Dakota.

### THE PARTIES

       3.      The Board of Regents was created to implement the requirements of section 3, article XIV of the South Dakota Constitution, that publicly funded postsecondary institutions be governed by a board of regents.  SDCL § 13-49-1. Constituted as a corporation, or body corporate, the Board of Regents enjoys "the power to sue and be sued, to hold, lease, and manage, for the purposes for which they were established, any property belonging to the educational institutions under its control, collectively or severally, of which it shall in any manner become possessed." SDCL § 13-49-11.

       4.      The Board of Regents controls the SDAES and SDSU. SDCL §§ 13-58-11 and 13-59-1, respectively.  The Board of Regents encourages institutions under its control to pursue research, to protect intellectual properties arising from such research and to enter into such agreements as may be necessary and proper to license or otherwise to provide for the commercial application of research results.  To such ends, it delegated to institutional officers authority to secure intellectual property protection in the name of the institution that conducted the research.

       5.      Created in 1887 to implement the Hatch Act as part of South Dakota's land-grant institution, SDAES has a mission to conduct research to enhance quality of life in South Dakota through the beneficial use and development of human,

economic, and natural resources.  As part of this effort, SDAES assists wheat producers, seedsmen, and researchers to strengthen the wheat industry by creating a wheat variety delivery system that promotes stewardship of varieties and traits, provides new funds for wheat research, and ensures availability of improved wheat varieties to benefit farmers and consumers.  SDAES has its principal place of operations in Brookings, South Dakota.

6.      Founded in 1881 as a land-grant university, SDSU has always been committed to the academic and professional advancement of all the citizens in the state. As part of this effort, SDSU has a goal to promote, encourage and aid research in the agricultural arena and to provide the means, methods, and agencies by which inventions and discoveries at SDSU may be patented, commercialized, or otherwise disposed of for the benefit of the people of South Dakota and society as a whole.

7.      Defendant Brad Bechen is an individual residing in or around Lake Andes, South Dakota.  He is a wheat producer and is alleged herein to have infringed the intellectual property rights of Plaintiff.

8.      Defendant John Does 1-50 are producers who sold or facilitated the unauthorized transfer of PVP protected wheat to Defendant, seed conditioners, or producers who purchased unauthorized PVP protected wheat from Defendant.  On information and belief, most John Doe defendants reside within South Dakota.

## STATEMENT OF CLAIM

## PLANT VARIETY PROTECTION REGISTRATION

9.      This action arises under the Plant Variety Protection Act, 7 U.S.C. § 2481 et seq., which provides patent-like protection to breeders of certain varieties, and their assignees, who may acquire the right to prevent others from selling the variety for a

period of twenty years.  On February 7, 2003, Plaintiff, acting by and through SDAES, made application to the Plant Variety Protection Office pursuant to § 2481 of the PVPA for protection of a novel variety of wheat it had developed known as the "Briggs" hard red spring wheat variety.  On September 19, 2003, a Plant Variety Protection (PVP) Certificate was issued to the SDAES pursuant to 28 U.S.C. § 2482 in the name of the United States of America under the seal of the Plant Variety Protection Office and was recorded in the Plant Variety Protection Office.  The duration of a PVP Certificate is twenty (20) years from the date of issuance, and Certificate No. 200300142 is not scheduled to lapse until September 19, 2023.

10.     The PVP Certificate for Briggs specified that the seed of the Briggs variety could only be sold in the United States as a class of certified seed, meaning that before sale the seed had to be certified by an approved governmental or private agency as to variety and purity.

11.     At all times relevant herein, the PVP Certificate for the Briggs wheat variety was in full force and effect.

12.     At all times relevant herein, Defendant Bechen had actual notice and knowledge that the Briggs wheat variety was federally protected by the PVPA.

13.     Section 2541 of the PVPA provides that it is an infringement of the owner's rights in a protected variety, inter alia, to sell or offer for sale the variety without authorization of the owner or to dispense the variety to another in a form that can be propagated without notice that it is a protected variety.  Section 2541 also provides that it is an infringement to instigate or induce any act that constitutes an infringement.

14. The PVPA provides in § 2561 that an owner shall have a remedy by civil action for infringement of plant variety protection and that if the variety is sold under the name of the variety shown in the certificate, there is a prima facie presumption that the seed in the bag or lot is the protected variety. Under § 2562 of the PVPA, a certificate of plant variety protection is presumed to be valid.

15. Section 2563 of the PVPA provides that a court may grant an injunction to prevent violations of rights under the PVPA. Section 2564 of the PVPA provides that upon a upon a finding of infringement the court shall award damages adequate to compensate for the infringement, but in no event less than a reasonable royalty together with interest and costs. Section 2564 also provides that the court may increase the damages up to three times the amount determined and, in exceptional cases, the court may award reasonable attorney's fees to the prevailing party.

16. Section 2543 of the PVPA provides a crop exemption for growers and other persons that permits a bona fide sale of a protected variety into normal grain channels, but § 2543 does not exempt from PVPA protection the sale of grain of a protected variety for use as seed for reproductive purposes without the authorization of the owner. Section 2543 further provides that if a purchaser diverts grain from normal grain channels for use for reproductive purposes, that purchaser is deemed to have notice under § 2567 that its actions constitute an infringement of § 2541 for purposes of a damages action by the owner.

## DEFENDANT'S UNAUTHORIZED USES OF PVP PROTECTED WHEAT

17. On information and belief, Defendant Bechen purchased uncertified wheat from a grower or growers who identified the grain as the Briggs variety

of wheat, and Defendant Bechen planted said wheat as seed for reproductive purposes without Plaintiff's authorization. The foregoing purchase of uncertified wheat from other growers constitutes an illegal use and, subsequently, illegal planting of the Briggs variety.

18.    On information and belief, Defendant Bechen thereafter harvested said illegal planting and sold or offered for sale the harvest without restriction to other growers and without proper authority from Plaintiff. The foregoing act of harvesting and reselling constitutes an illegal sale or offer of sale of the Briggs variety.

19.    On information and belief, Defendant Bechen sold or offered for sale the harvest to other growers without proper labeling. His refusal to properly mark the Briggs variety in connection with transfers to other growers constitutes a separate violation of the PVPA.

20.    On information and belief, Defendant Bechen has, in the past, obtained the Briggs variety with proper authority from authorized dealer(s); however, instead of planting, harvesting, and selling such legally obtained seed to a grain elevator for traditional grain purposes such as for use in flour, baking, or commodity channels (the "normal grain channels"), Defendant Bechen diverted the Briggs variety in question from normal grain channels for use as seed for reproductive purposes within the meaning of Section 2543 of the PVPA. The foregoing diversion of the Briggs variety from normal grain channels constitutes a separate violation of the PVPA.

21.    Defendant Bechen sold or offered for sale the grain he had diverted from normal grain channels through a practice known as brown bagging, in which a person or entity uses grain grown from proprietary seed and prepares it for use as seed without authorization of the owner of the proprietary seed. In some areas of the country,

the grain is repackaged in seed bags, often brown, and the infringer sells the grain under the name of the variety from which the grain was grown.  In South Dakota, it is more typical to make an unauthorized sale of the grain in bulk without bagging, but the overarching practice of selling the harvest of a protected variety without authority of the original variety owner is still understood in the industry as brown bagging.  Defendant Bechen identity-preserved the harvest from his fields and thereafter sold or offered for sale the protected Briggs wheat grain for use as seed to other growers.

22.    At no time was Defendant Bechen authorized to sell Briggs wheat grain for reproductive purposes as described above.

23.    At all times relevant to the complaints herein, Plaintiff only permitted the Briggs wheat variety seed to be sold with written notice containing statutorily designated language signifying that the seed was protected under the PVP, that unauthorized propagation or multiplication of the seed was prohibited, and that the use of the seed by the purchaser was authorized only for purposes of growing a commercial crop of grain.  Plaintiff required that such notice be affixed to all bags of Briggs wheat seed they authorized or on notices accompanying bulk sales of their Briggs wheat seed.  In addition, Plaintiffs also required proper PVP notices on marketing and promotional materials for the Briggs wheat variety.

24.    Defendant Bechen resold the grain without notice that the seed was subject to PVP protection, without identifying the PVP certificate holder or licensee, and without any other restrictions to prevent purchasers of the seed from using the seed to further replicate the seed for crop purposes.

25.     Upon information and belief, Defendant Bechen sold or offered for sale a substantial quantity of Briggs grain for seeding purposes over the past several years. Defendant Bechen's unrestricted sale of the protected Briggs wheat put Plaintiff at great risk of harm since each bushel of seed sold by Defendant Bechen can be planted, harvested, and replanted to produce over four million fifty-pound bags of seed in just five generations.

26.     Defendant Bechen's sales also placed the reputation of the protected variety at risk since it was sold without the rigorous production standards employed by Plaintiff and without the certification by a governmental or private entity, which is required for Briggs PVP protected seed for sale as seed.

27.     Defendant Bechen is deemed under § 2543 of the PVPA to have had notice that his acts in diverting the Briggs grain from normal grain use for use as seed for reproductive purposes constituted an infringement of Plaintiff's rights under the PVPA.

28.     Upon information and belief, Defendant Bechen knew that the majority of wheat seed sold legitimately in South Dakota was subject to PVP protection, and he had ready access to information as to the PVP status of the Briggs variety.

29.     Upon information and belief, Defendant Bechen knew firsthand law federally protected the Briggs variety yet willfully disregarded the law and sold the variety without restriction.

30.     Upon information and belief, Defendants John Does 1-50 either provided the Briggs variety wheat to Defendant Bechen or purchased the Briggs variety wheat from Defendant Bechen as stated above.

## COUNT I

### DAMAGES FOR INFRINGEMENT OF § 2541(A) OF THE PVP

31.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 to 30.

32.     Without authorization from Plaintiff, all Defendants purchased the Briggs variety for reproductive purposes in violation of the PVPA.

33.     Without authorization from Plaintiff, Defendant Bechen sold and offered for sale the protected Briggs variety which he had diverted from normal grain channels for sale for reproductive purposes or which he had induced or instigated others to divert from normal grain channels.

34.     Defendants' actions constitute an infringement of Plaintiff's rights under § 2541 of the PVPA for which all Defendants, including Defendants John Does, are accountable in damages.

35.     As the result of Defendants' actions, Plaintiff has suffered harm for which it is entitled to damages, including without limitation:

a)      Defendants' profits from the unauthorized sale of the Briggs variety or a reasonable royalty, whichever is greater; and

b)      Damage to the Plaintiff's reputation or the reputation of the Briggs variety by the sale of said variety that was not produced in accordance with Plaintiff's practices and standards.

## COUNT II

### INJUNCTION PURSUANT TO § 2563 OF THE PVPA

36.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 to 35 herein.

37.     Plaintiff is entitled to injunctive relief pursuant to § 2563 of the

PVPA as follows:

a)     Preliminarily enjoining Defendants from selling any of Plaintiff's
protected variety pending litigation;

b)     Permanently enjoining any further sales or other disposition by
Defendants of grain grown from Plaintiff's PVPA protected
varieties, including the Briggs variety, for reproductive purposes;

c)     Requiring the destruction of all Briggs wheat in Defendants'
possession or control;

d)     Requiring the disclosure of the names and addresses of all persons
or entities who sold Briggs wheat seed to Defendant Bechen;

e)     Requiring the disclosure of the names and addresses of all persons
or entities who purchased Briggs wheat seed from Defendants; and

c)     Requiring an accounting of all sales for reproductive purposes and
profits derived from such sales by Defendants of Plaintiff's
protected varieties, including Briggs wheat.

## COUNT III

### TREBLE DAMAGES AND ATTORNEYS' FEES

38.     Plaintiff incorporates by reference the allegations set forth in

paragraphs 1 to 37 herein.

39.     Defendant Bechen knew or recklessly disregarded the fact that by

brown bagging the grain in question and selling it for reproductive purposes he was

infringing federal intellectual property rights.

40.     Defendant Bechen knowingly sold the brown-bagged seed at a

substantial discount to what authorized dealers charged for legitimate seed. Defendant

Bechen intentionally set his pricing to divert sales from authorized dealers for his own

profit.

41.     Defendant Bechen knowingly and intentionally caused substantial damage to Plaintiff and its authorized representatives and recklessly placed Plaintiff at substantial risk of further misuse of its seed by placing the seed in commerce without notice of its protected status.

42.     As the result of Defendant Bechen's actions, Plaintiff has incurred substantial damages, attorney's fees, and costs and will in the future incur additional costs and damages.

43.     Defendant Bechen's actions constitute an exceptional case for which the award of attorney's fees and costs are recoverable pursuant to § 2564 of the PVPA.

44.     Treble damages are appropriate pursuant to § 2564 of the PVPA.

## RELIEF DEMANDED

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Awarding Plaintiff damages in the form of defendants' profits or a reasonable royalty, whichever is greater;

b)      Ordering injunctive relief:

   i.      Directing defendants to make no further sales for reproductive purposes of any seed for which Plaintiff holds PVP protection without express authorization from Plaintiff;

   ii.     Directing defendants to identify all fields on which they are cultivating a current wheat crop to allow Plaintiff to identify the extent of the infringement and prior to when the defendants harvest and permanently remove the harvest, thereby spoliating evidence as to the true extent of infringement; and

   iii.    Account for all sales of all PVP protected seed of Plaintiff, including the names and addresses of all purchasers, the quantity so purchased, and the names and addresses of all seed conditioners associated with such seed.

c)     Awarding prejudgment and post-judgment interest;

d)     Awarding Plaintiff its attorneys' fees, costs, and expenses incurred
       in this action; and

e)     Awarding such other and further relief as the Court may deem just
       and proper.

Dated: July 7, 2009.

Plaintiffs

/s/ Richard J. Helsper

Richard J. Helsper
Glover & Helsper, P.C.
415 8th Street South
Brookings, SD 57006
Phone: (605) 692-7775
Fax: (605) 692-4611
email: rjh1@brookings.net

Mark Murphey Henry
HENRY LAW FIRM
P. O. Box 8850
Fayetteville, AR  72703
Phone: (479) 695-1330
Fax: (479) 695-1332
*On Motion Pro Hac Vice*