FILED
APR 1 2 2010

CLERK

# NONCONFIDENTIAL SETTLEMENT AGREEMENT

**THIS AGREEMENT** is entered into this __3__ day of February, 2010 by and between South Dakota State University, a state owned land grant institution of Brookings, South Dakota ("SDSU"), South Dakota Board of Regents as governing board for South Dakota Agricultural Experiment Station ("SDBOR"), and Mr. Brad Bechen ("Bechen"), (collectively, the "Parties"), who for the purposes of settling the claims and controversies now known and disclosed between the Parties, agree as follows:

1. **Fair and Adequate Settlement.** The Parties stipulate and agree that this *Settlement Agreement* constitutes a fair and adequate settlement of all claims and controversies between the Parties arising out of or relating to the sales or offer for sale of wheat seed by Bechen of SDSU's federally protected wheat varieties.

2. **Comprehension of Terms.** The Parties have read and reviewed the stipulations and terms of this *Settlement Agreement* and understand the nature, terms, and contents thereof.

3. **Authority to Enter Agreement.** The undersigned certifies that he or she is fully authorized to enter into the terms and conditions of this *Settlement Agreement* and to fully bind Bechen to its terms.

4. **Ownership of Intellectual Property Rights.** Bechen stipulates and agrees that SDSU owns or licenses valid and enforceable intellectual property rights to the wheat seed protected by virtue of various certificates of plant variety protection.

5. **Prohibited Activities under the Plant Variety Protection Act.** Bechen and all successors, assigns, officers, agents, employees, representatives, and all other entities or persons in active concert or participation with Bechen agree to permanently refrain from selling, offering for sale, or conditioning SDSU's federally protected varieties unless shown to be properly certified in compliance with federal law.

6. **Right of Inspection.** SDSU, by and through an agent, representative, and attorneys, shall have the right to inspect the physical premises of Bechen, including invoice books, receipts, fields, buildings, storage facilities, and other locations under the ownership or control of Bechen and his successors, assigns, officers, agents, employees, representatives, and/or all other entities or persons in active concert or participation with Bechen. The right of inspection shall include the opportunity to take representative samples of crops, stored seed, or bagged seed available for sale to the public, and to inspect and copy Bechen's business records, farm records, and financial records. The right of inspection shall also include the right to make undercover purchases or arrange for the conditioning of seed. The right of inspection shall expire five (5) years following execution of this *Settlement Agreement*.

7.      **Damages.** Bechen shall be liable to SDSU for a compromised damages amount of FIFTEEN THOUSAND DOLLARS and No Cents ($15,000) as memorialized by the Consent Judgment, and this Agreement; said amount is to be paid on or before March 1, 2010. If the full value is not received by the referenced date, then this agreement is null and void.

8.      **Liquidated Damages in the Event of Breach.** In the event Bechen breaches this Agreement, by selling or conditioning SDSU's wheat without authority or as prohibited by this Agreement, then the damages shall be $35.50 for every fifty (50) pound equivalent unit sold or conditioned in violation of this Agreement for all sales and transactions occurring after execution of this Agreement. This amount is not to be determined a penalty, but rather as an objective measure of the damages likely suffered by SDSU.

9.      **Agreement to Provide Truthful Testimony.** Bechen understands that his settlement of this matter does not absolve him of his requirement to provide truthful testimony or to provide SDSU with proper documentation that is discoverable in the underlying lawsuit.

10.     **Merger and Validity of All Provisions.** This Agreement constitutes the entire agreement between the Parties. If any provision in this Agreement is void or declared unenforceable then such provision shall be rewritten as is substantially consistent with the remaining provisions of this Agreement and shall not render this entire Agreement void.

11.     **Counterparts.** This Agreement may be executed in counterparts. A facsimile signature on any counterpart shall operate as an original signature.

12.     **Assignment.** SDSU may, without consent, assign this agreement to its affiliates in connection with the sale of substantially all of the business to which this Agreement relates. For purposes of this Agreement, "affiliate" shall mean, with respect to any entity, any other entity which controls, is controlled by or is under common control with, that entity.

13.     **Mutual Release of Claims and Waiver of Trial by Parties.** The Parties hereby release and relinquish all rights, benefits, causes of action, and claims, if any, arising out of or pertaining to any unauthorized conditioning, sale, or offer for sale of SDSU's wheat varieties. The parties expressly release and relinquish all rights, benefits, causes of action, and claims, if any, that it holds against the other, or their respective authorized agents or attorneys. Further, the parties hereby waive the right to trial and appeal and of all rights, benefits, causes of action, and claims arising out of or relating to the subject matter forming the basis of the subject matter contemplated in this Agreement.

14.     **Settlement is Not Retroactive Permission or Authority to Other Infringers.** This *Settlement Agreement* requires the complete and full disclosure of sellers, buyers, and persons or entities for whom Bechen has allegedly sold seed in the past two years. It also requires Bechen to identify all of his seed sources, be it seed companies or neighbors. Release by Bechen is not a release of those parties, nor shall this Agreement be construed as a retroactive authority for such conduct to occur.

*{Remainder of Page Intentionally Left Blank}*

_____
Brad Bechen

2-3-10
Date

_____
Mr. Aaron J. Emerson, Esq.
Counsel to Mr. Bechen

3/17/2010
Date

_____
Richard J. Helsper
Counsel to Plaintiffs

2-22-10
Date

_____
SDSU
by Its Authorized Representative

2-17-2010
Date

_____
South Dakota Board of Regents as
Governing board for South Dakota
Experiment Station by its
Authorized Representative

3/8/10
Date